IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

AFFORDABLE AERIAL PHOTOGRAPHY,
INC., a Florida Corporation,

    Plaintiff,

v.

DALE SORENSEN REAL ESTATE, INC.,
a Florida Corporation,
JOAN COOK, an individual, J. DALE SORENSEN,
an individual, and MATILDE SORENSEN,
an individual

    Defendants.
_____/

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP" or "Plaintiff"), a Florida corporation, by and through its undersigned counsel hereby files this Complaint against Defendants DALE SORENSEN REAL ESTATE, INC., a Florida Corporation (hereinafter "Sorensen"), JOAN COOK, an individual (hereinafter "Cook") J. DALE SORENSEN, an individual (hereinafter "D. Sorensen"), and MATILDE SORENSEN, an individual (hereinafter "M. Sorensen"), each residing in the State of Florida (collectively "Defendants").

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking monetary relief for Defendants' intentional infringement of Plaintiff's copyrighted works registered under Registration Number VA 2-369-427 (the "Copyrighted Works" or individually the "Copyrighted Work").

2. Plaintiff's principal photographer and founder is Mr. Robert Stevens ("Mr. Stevens"). Mr. Stevens is an experienced professional photographer who makes a living from

1

photography. Mr. Stevens' work is sought after by real estate professionals throughout South Florida. For the past seventeen years, Mr. Stevens has photographed some of the most expensive real estate listings in U.S. history, including Former President Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, Mr. Stevens has been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumbel and Chris Evert.

3. As reported to the Florida Department of Business & Professional Regulation, Defendant Sorensen is a real estate corporation, License Number CQ242913, effective as of March 25, 1986, and expiring March 31, 2025.

4. Defendants' real estate marketing efforts include, at a minimum, the use of a website which Defendant Sorensen appears to operate, luxuryverohomes.com which also includes infringing marketing efforts performed by Defendants either individually or collectively.

5. Defendant D. Sorensen is the president/direct of Defendant Sorensen.

6. Defendant M. Sorensen is the secretary/director of Defendant Sorensen.

7. Defendant M. Sorensen appears to operate a second website, matildesorensen.com, which also includes infringing activities.

8. As reported to the Florida Department of Business & Professional Regulation, Defendant Cook is a sales associate, License Number SL3053114, and is currently employed by Defendant Sorensen, effective as of May 28, 2024.

9. Defendant Cook's real estate marketing efforts, on behalf of her employer, Defendant Sorensen, include the use of a website which Defendant Sorensen appears to operate, luxuryverohomes.com.

2

10. Without permission, license, or consent, and in an effort to promote herself as a sales associate, Defendant Cook improperly copied, displayed, or distributed Plaintiff's Copyrighted Works on luxuryverohomes.com as a direct benefit to her employer, Defendant Sorensen.

11. As reported to the Florida Department of Business & Professional Regulation, Defendant D. Sorensen is a real estate broker or sales, License Numbers BK117532, BK3424713, BK3010490, BK3129241, BK3009421, BK3002123, and SL640729.

12. As reported to the Florida Department of Business & Professional Regulation, Defendant M. Sorensen is a real estate broker or sales, License Numbers BK271874, BK3129243 and BK316531, include the use of a website which Defendant Sorensen appears to operate, matildesorensen.com.

13. Without permission, license, or consent, and in an effort to promote herself, Defendant M. Sorensen improperly copied, displayed, or distributed Plaintiff's Copyrighted Works on matildesorensen.com as a direct benefit to at least herself.

14. By these actions, Plaintiff seeks statutory damages or, in the alternative, actual damages, plus any additional profits obtained by Defendants that are attributable to the infringement.

## JURISDICTION AND VENUE

15. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

16. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants are soliciting and conducting business in the State of Florida, and Defendant Cook

resides in the State of Florida and in this judicial district. Furthermore, Defendant Sorensen is formed under the laws of the State of Florida.

18. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(a) because the events giving rise to the claims occurred in this district. Defendants engaged in infringement in this district and Defendants are subject to personal jurisdiction in this district.

## PARTIES

19. AAP is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 1938 Grey Falcon Circle SW, Vero Beach, FL 32962. AAP specializes in high-end aerial photographs, as well as slide shows, virtual tours, and a full array of stock photography for the luxury real estate industry.

20. Upon information and belief, Defendant Sorensen is a Florida Corporation with a principal address at 3206 Cardinal Drive, Vero Beach, Florida 32963.

21. Upon information and belief, Defendant Cook is an individual residing in Florida and is located at 1506 W. Camino Del Rio, Vero Beach, FL, 32963.

22. Upon information and belief, Defendant D. Sorenson is an individual residing in Florida and is located in Vero Beach, Florida, FL 32964.

23. Upon information and belief, Defendant M. Sorensen is an individual residing in Florida and is located in Vero Beach, Florida, FL 32964.

## THE COPYRIGHTED WORKS AT ISSUE AND SUMMARY OF INFRINGEMENT

### *Selected 2023 September Photographs WRZE23*

24. In 2023, Mr. Stevens (as an employee of AAP) created a series of photographic works, published in September 2023, depicting, among other images, a home located at 2106 Nevarra Avenue, Vero Beach, FL 32960. The photograph works were submitted for copyright

4

registration in 2023 and obtained Registration Number VA 2-369-427 with an effective date of October 3, 2023. A true and correct copy of VA 2-369-427 is attached hereto as **Exhibit "A."**

25. Registration Number VA 2-369-427 included thirty-four (34) images of the home located at 2106 Nevarra Avenue, Vero Beach, FL 32960 which are infringed by Defendants. The 34 infringed works at issue in this matter include the following:

| | |
|---|---|
| i. | 2109 Nevarra Ave 003 |
| ii. | 2109 Nevarra Ave 004 |
| iii. | 2109 Nevarra Ave 007 |
| iv. | 2109 Nevarra Ave 008 |
| v. | 2109 Nevarra Ave 009 |
| vi. | 2109 Nevarra Ave 010 |
| vii. | 2109 Nevarra Ave 011 |
| viii. | 2109 Nevarra Ave 012 |
| ix. | 2109 Nevarra Ave 013 |
| x. | 2109 Nevarra Ave 014 |
| xi. | 2109 Nevarra Ave 015 |
| xii. | 2109 Nevarra Ave 016 |
| xiii. | 2109 Nevarra Ave 017 |
| xiv. | 2109 Nevarra Ave 019 |
| xv. | 2109 Nevarra Ave 024 |
| xvi. | 2109 Nevarra Ave 025 |
| xvii. | 2109 Nevarra Ave 027 |
| xviii. | 2109 Nevarra Ave 028a Virtually Staged |
| xix. | 2109 Nevarra Ave 030 |
| xx. | 2109 Nevarra Ave 031 |
| xxi. | 2109 Nevarra Ave 032 |
| xxii. | 2109 Nevarra Ave 033a Virtually Staged |
| xxiii. | 2109 Nevarra Ave 034 |
| xxiv. | 2109 Nevarra Ave 036 |
| xxv. | 2109 Nevarra Ave 037 |
| xxvi. | 2109 Nevarra Ave 039 |
| xxvii. | 2109 Nevarra Ave 040 |
| xxviii. | 2109 Nevarra Ave 041 |
| xxix. | 2109 Nevarra Ave 044 |
| xxx. | 2109 Nevarra Ave 046 |
| xxxi. | 2109 Nevarra Ave 047 |
| xxxii. | 2109 Nevarra Ave 048 |
| xxxiii. | 2109 Nevarra Ave 050 |
| xxxiv. | 2109 Nevarra Ave 051 |

(Collectively hereinafter "2106 Nevarra Avenue works").  A true and correct copy of pages from Registration VA 2-369-427 with associated images of the infringed works is attached hereto as **Exhibit "B."**

14. Mr. Stevens is responsible for selecting the unique angle and perspective for these works. In this case, specific technical choices by Mr. Stevens further highlight the vibrant colors of the household and scenery, ultimately giving the work its originality and beauty.

26. As is evident in the 2106 Nevarra Avenue works included in Exhibit "B," Plaintiff's Copyright Management Information ("CMI") was included on the 2106 Nevarra Avenue works.

27. Since at least November 2023, Defendants have utilized the 2106 Nevarra Avenue works registered under VA 2-369-427 to advertise and promote the sale of 2106 Nevarra Avenue. A true and correct copy of composite screenshots of Defendants' luxuryverohomes.com website, showing this infringing activity are attached collectively hereto as **Exhibit "C"** and a true and correct copy of composite screenshots of Defendant's M. Stevenson's matildesorenson.com website is attached hereto as composite **Exhibit "D."**

28. It is clear that Defendants' advertising using the 2106 Nevarra Avenue works directly benefited Defendants and was used as a means of soliciting business and advertising for Defendants.

29. To further illustrate the willfulness of Defendant's infringing activities, Defendants, individually and/or collectively, are using the 2106 Nevarra Avenue works with Plaintiff's CMI displayed on the luxuryverohomes.com website.  *See* Exhibit "C."

30. Defendant's willfulness activities are further heightened because on two separate occasions, Plaintiff contacted Defendant Cook demanding that Defendants take down the 2106

6

Nevarra Avenue works. A true and correct copy the emails, as a composite exhibit, are attached collectively hereto as **Exhibit "E."**

31. Mr. Stevens created the Copyrighted Works at issue in this case as an employee of Plaintiff.

32. The Copyrighted Works are wholly original and the result of Mr. Stevens' creativity. Moreover, the Copyrighted Works are fixed in either a digital media format or a physical format.

33. Plaintiff is the exclusive owner of all rights, title, and interest in the Copyrighted Works, including all rights under copyright law.

34. On information and belief, Defendants used, or authorized the use of, the Copyrighted Works – without Plaintiff's authorization, to promote their business activities.

35. Plaintiff has retained the undersigned attorney and has agreed to pay him a reasonable fee.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT OF VA 2-369-427**
**(17 U.S.C. § 501)**

36. Plaintiff reincorporates and realleges paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. The 2106 Nevarra Avenue works, protected under Registration No. VA 2-369-427, are photographs containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

38. AAP owns a valid copyright in the 2106 Nevarra Avenue works.

39. Defendants copied, altered, displayed, and/or distributed the 2106 Nevarra Avenue works without AAP's authorization in violation of 17 U.S.C. § 501.

40. Defendants performed the acts alleged in the course and scope of their business activities.

41. Defendants' infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the 2106 Navara Avenue works and have enabled Defendants to illegally obtain profit therefrom.

42. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

43. Pursuant to 17 U.S.C. § 504, Plaintiff is also entitled to recovery of either Defendants' profits attributable to Defendant's infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits or, at Plaintiff's election, statutory damages, including enhanced damages for willful infringement.

44. Pursuant to 17 U.S.C. §505, Plaintiff is further entitled to recovery of its reasonable attorneys' fees.

## COUNT II
## CONTRIBUTORY/VICARIOUS INFRINGEMENT OF VA 2-369-427

45. Plaintiff reincorporates and realleges paragraphs 1 through 27 of this Complaint as if fully set forth herein.

46. Defendants, individually, and/or collectively, knew or had reason to know, of the infringing activity described herein.

47. Defendants, individually, and/or collectively, knowingly induced, participated in, aided and abetted in, and profited from the illegal copying, reproduction, and distribution of the Copyrighted Works described herein.

48. Defendants, individually and/or collectively, are vicariously liable for the infringement alleged herein because they had the ability to supervise the infringing conduct and had a direct financial interest in the infringing conduct.

49. By reason of Defendants', individual and/or collective, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional general and special damages.

50. Due to Defendants', individual and/or collective, acts of copyright infringement as alleged herein, Defendants have, individually and collectively, obtained direct and indirect profits that they each would not have otherwise realized but for their individual and/or collective infringement of the Copyrighted Works. As such, Plaintiff is entitled to disgorgement of Defendants', individual and/or collective, profits directly and indirectly attributable to Defendants', individual and/or collective, infringement of Plaintiff's Copyrighted Works.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Affordable Aerial Photography, Inc. requests judgment against Defendants, Dale Sorensen Real Estate Inc. and Joan Cook as follows:

A. That Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, including enhanced damages for willful infringement, as provided in 17 U.S.C. § 504 for each individual Copyrighted Work;

B. That Plaintiff be awarded interest, including prejudgment and post-judgment interest, on the foregoing sums, according to law;

C. That Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

D. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues for which there is a right to a jury trial.

DATED this 25th day of June 2024.

Respectfully Submitted,

BEUSSE SANKS, PLLC
157 E. New England Avenue, Suite 375
Winter Park, FL  32789
Telephone:(407) 644-8888
Email: tsanks@firstiniplaw.com
Email: wsewell@firstiniplaw.com
***Attorneys for Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC.***

*/s/ Terry M. Sanks*
Terry M. Sanks
Florida Bar No. 0154430
William P. Sewell
Florida Bar No. 1025701